## Haines v. County of Clearfield

*John Burge,* for plaintiff.
*Kim C. Kesner,* for defendants.

REILLY, *P.J.,* January 22, 1990 — On November 24, 1987, a deputy sheriff of Clearfield County was transporting a prisoner to the Clearfield County jail. Upon arriving at the jail the prisoner opened the rear door of the vehicle and fled on foot. The deputy pursued and with the aid of plaintiff, a bystander, subdued the prisoner after a struggle. Plaintiff maintains that he was injured as a result of his participation in the capture of the prisoner and this suit followed. Both defendants have filed preliminary objections seeking to dismiss the complaint on the basis that both defendants are protected by governmental immunity and therefore immune from suit. This court agrees and does herein dismiss plaintiff's complaint.

This court is satisfied that both the county and the sheriff's office are protected in this matter under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq. This act provides that liability may be imposed on political subdivisions only if two conditions are satisfied and if the injuries occur as a

result of one of eight exceptions set forth in section 8542(b) of the act.

The two threshold conditions required are, first, the damages would be recoverable under common law or a statute creating a cause of action against one not having an immunity defense, and, second, the injuries must be caused by the negligent acts of the local agency or its employees acting within the scope of its office or duties, excepting therefrom acts of crime, fraud, malice or willful conduct.

In their objections, defendants concede the existence of the second condition but argue that plaintiff has not met the requirements of the first. This court will not address this issue as it is satisfied that even if plaintiff can meet both conditions, he cannot avail himself of any of the eight designated exceptions.

Plaintiff argues that he is entitled to recover under section 8542(b)(1) in that the deputy failed to properly secure the prisoner during the course of transporting him to the jail and likens the prisoner to "cargo." This ingenious argument misses the intent of the vehicle exception. The statute specifically speaks of the *operation* of any motor vehicle. This court can find no casual connection between the operation of the deputy's vehicle and the escape of the prisoner and must therefore find that plaintiff cannot avail himself of the vehicle exception to the governmental immunity statute. Moreover, as defendants have pointed out in their brief, the legislature did not waive governmental immunity in any of the eight exceptions set forth in the act where the harm is caused by the acts of third parties. See *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987). Plaintiff herein was clearly injured by the acts of the prisoner who is a third party to the action and thus damages cannot be sought from defendants for liability caused by his acts.

While this court is of the opinion that a Good Samaritan answering the call for assistance from an officer of the law should be protected from losses suffered as a result of his response, it is nevertheless clear to this court that he cannot look to the county or to the sheriff under the provisions of the act as they now stand, and therefore the court must enter the following

## ORDER

Now, January 22, 1990, following argument and briefs, it is the order of this court that preliminary objections filed on behalf of defendants above-named be and are hereby sustained and plaintiff's complaint is dismissed.